09-0508-ag
Maze v. Holder

BIA
Hom, IJ
A099 082 538
A099 082 539
A099 082 540
A099 082 541

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of April, two thousand ten.

PRESENT:
> **ROBERT A. KATZMANN,**
> **BARRINGTON D. PARKER,**
> **PETER W. HALL,**
> > *Circuit Judges.*

_____

JORGO MAZE, ADELINA MAZE, VANGJELICA MAZE, STEFANO MAZE,
　　　Petitioners,

　　　v.　　　　　　　　　　　　　　　09-0508-ag
　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　Respondent.

_____

FOR PETITIONERS:　　　Gregory Marotta, Vernon, New Jersey.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Susan Houser, Senior Litigation Counsel; Steven F. Day, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **it is hereby ORDERED, ADJUDGED, AND DECREED**, that the petition for review is **DENIED**.

Jorgo Maze, Adelina Maze, Vangjelica Maze, and Stefano Maze, natives and citizens of Albania, seek review of a January 14, 2009, order of the BIA, which, after remand from this Court, again denied Maze's applications for asylum and withholding of removal. *In re Maze*, Nos. A099 082 538/539/540/541 (B.I.A. Jan. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622-23 (2d Cir. 2007). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 288-89 (2d Cir. 2007).

Substantial evidence supports the BIA's determination that Maze failed to establish his membership in a particular social group under the INA. *See* 8 U.S.C. § 1101(a)(42). The BIA has long interpreted the term "social group" to mean "a group of persons all of whom share a common, immutable characteristic." *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985), *overruled on other grounds in part by Matter of Mogharrabi*, 19 I. & N. Dec. 439, Interim Decision 3028, 1987 WL 108943 (BIA June 12, 1987). An "immutable characteristic" is one that members of the group "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Id*. As examples of such characteristics, the BIA has listed "sex, color, or kinship ties, or . . . a shared past experience such as former military leadership or

2

land ownership." *Id.* Moreover, a cognizable social group must: (1) exhibit a shared characteristic that is socially visible to others in the community; and (2) be defined with sufficient particularity. *See Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74-76 (BIA 2007), *aff'd by Ucelo-Gomez v. Mukasey,* 509 F.3d 70, 73 (2d Cir. 2007). Not all applicants who can point to membership in some group united by a shared past experience will qualify for asylum. Rather, an asylum applicant's status as a member of a particular social group—and not some other factor—must be a central reason why that individual is targeted for persecution. *See* 8 U.S.C. § 1158(b)(1)(B).

We find no reversible error in the BIA's determination that Maze's putative social group consisting of "Albanians who attempt to reclaim ownership of land that had been unjustly taken by the government," lacked the requisite social visibility to constitute a particular social group under the INA. Nor does Maze advance any argument that would compel us to disturb the BIA's conclusion that the individuals in this group did not possess any visible and discrete attributes recognizable by others in Albania. *See Matter of C-A-*, 23 I. & N. Dec. 951, 957, 959-60 (BIA 2006). *Cf. Matter of S-E-G-*, 24 I. & N. Dec. 579, 586-88 (BIA 2008).

We also find no reversible error in the BIA's conclusion that, even if Maze had articulated a cognizable social group, he failed to demonstrate that a central reason for the abuse he endured was his membership in that group. *See* 8 U.S.C. § 1101(a)(42). Indeed, the BIA reasonably noted that Maze's persecutors were current owners of his property whose motivation was to prevent Maze from dispossessing them from their land. Any harm Maze endured was a result of factors specific to his particular land dispute rather than his membership in the group of "Albanians who attempt to reclaim ownership of land that had been unjustly taken by the government." *See Koudriachova v. Gonzales*, 490 F.3d 255, 261-62 (2d Cir. 2007); *Matter of C-A-,* 23 I. & N. Dec. at 958-59. Substantial evidence, therefore, supports the BIA's determination that Maze failed to establish his eligibility for asylum and withholding of removal. *See Manzur*, 494 F.3d at 289.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk